UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PETER OROMO,<br><br>      Petitioner,<br><br>  vs.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; SAMUEL J. OLSON, in his official capacity as Field Office Director of U.S. Immigration and Customs Enforcement; and LAWRENCE COUNTY SHERRIF, in his official capacity,<br><br>      Respondents. | 5:26-CV-05007-KES<br><br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

On January 26, 2026, petitioner, Peter Oromo, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against respondents Pamela Bondi, Kristi Noem, Todd Lyons, Samuel J. Olson, and the Lawrence County Sherriff, alleging that he is being unlawfully detained by Immigration and Customs Enforcement (ICE). Docket 1. Oromo then filed a motion for temporary restraining order (TRO), requesting that the court (1) prohibit his removal from the Western Division of the District of South Dakota pending resolution of his underlying habeas action; and (2) order respondents to produce all

immigration-related documents pertaining to Oromo that are within their possession, custody, or control. *See* Docket 6; Docket 8 at 3. For the reasons explained below, the court grants the motion for TRO.

## BACKGROUND

Oromo was born in South Sudan in 1983. Docket 8 at 1. As a child, he and his family fled the civil war in that country and sought refuge in Kenya. *Id.* In 1997, Oromo was lawfully admitted to the United States as a refugee. *Id.* In 2004, he was ordered removed from the United States. *Id.* Since that time, Oromo has been repeatedly detained and released by the government. *Id.* at 2. Most recently, he was taken into custody by ICE on January 13, 2026. *Id.*

On January 26, 2026, Oromo filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against respondents Pamela Bondi, Kristi Noem, Todd Lyons, Samuel J. Olson, and the Lawrence County Sherriff. *See* Docket 1. Oromo seeks a declaration that he is not subject to detention under 8 U.S.C. § 1226. *Id.* at 1. He contends that respondents have violated his rights under the Fifth Amendment's Due Process Clause, as well as his rights under the Administrative Procedure Act and the Immigration and Nationality Act. *Id.* at 1-2.

On January 29, 2026, Oromo filed a motion for TRO, Docket 6, arguing that his prolonged detention under 8 U.S.C. § 1231 far exceeds the six-month "reasonable time" benchmark established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), and the government cannot show a significant likelihood of his removal in the foreseeable future. Docket 8 at 2. Oromo

requests that the court maintain the status quo by preventing his transfer out of the Western Division of the District of South Dakota until his habeas petition is resolved on the merits, ensuring meaningful access to counsel. *Id.* at 3. The government has not yet responded.

## LEGAL STANDARD

When ruling on a motion for a temporary restraining order or preliminary injunction, the court must consider (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other parties; (3) the likelihood of success on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). When weighing these factors, "no single factor is in itself dispositive[.]" *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 667 (8th Cir. 1987). "[A]ll of the factors must be considered to determine" whether the balance weighs toward granting the temporary restraining order. *Id.*

## DISCUSSION

At this stage, the record indicates that the *Dataphase* factors weigh in favor of granting Oromo's request to enjoin respondents from removing him from the Western Division of the District of South Dakota until the merits of his underlying habeas petition can be resolved. If Oromo is transferred out of the Western Division of the District of South Dakota, he faces irreparable

harm: he may lose meaningful access to counsel, the court could lose jurisdiction over the custodial respondents, and Oromo may be unable to participate fully in the litigation. These injuries are concrete, imminent, and cannot be remedied after the fact.

By contrast, there is no indication that respondents would suffer any harm from a temporary order prohibiting Oromo's transfer out of the Western Division of the District of South Dakota. Thus, the balance of harms favors Oromo, as the injury he would suffer outweighs any inconvenience to respondents. *See Frank V. v. Olson*, 2026 WL 36120, at *2 (D. Minn. Jan. 6, 2026) (temporarily enjoining respondents from transferring habeas petitioner out of the District of Minnesota while habeas petition was pending); *see also Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022) ("[T]he equities strongly favor an injunction considering the irreversible impact [the challenged agency] action would have as compared to the lack of harm an injunction would presently impose."). "Although access to effective counsel is not a constitutional right in a civil proceeding, the Court agrees that deprivation of access to retained counsel is plainly harmful to a litigant since it handicaps his ability to effectively present his case to the Court." *Escalante v. Bondi*, 2025 WL 2212104, at *2 (D. Minn. July 31, 2025), *report and recommendation adopted*, *O. E. v. Bondi*, 2025 WL 2235056 (D. Minn. Aug. 5, 2025). Such deprivation not only impairs the litigant's ability to advocate for himself, but also hinders the court's capacity to manage the case efficiently and reach a fair resolution. *See generally Doe v. McAleenan*, 415 F. Supp. 3d 971 (S.D. Cal. 2019) (recognizing

that restrictions on a detainee's access to counsel can constitute irreparable injury warranting emergency relief).

Preserving Oromo's access to judicial review and preventing potentially unlawful detention present significant public-interest concerns. Any public interest in deporting Oromo before his habeas petition is resolved is outweighed by the public interest in due process, meaningful judicial review, and the rule of law. Oromo also raises a substantial question regarding the lawfulness of the terms of his detention. *See* Docket 1; Docket 6; Docket 8. Courts have repeatedly rejected the government's contention that 8 U.S.C. § 1225 authorizes indefinite detention. *See, e.g., Fuentes v. Olson,* 2025 WL 3524455, at *1 (D. Minn. Dec. 9, 2025) ("The Government has now been told nearly 300 times (and counting) that its mandatory-detention scheme is unlawful."). Here, Oromo's repeated detention over the last 22 years underscores the unreasonableness of his detention under 8 U.S.C. § 1231 and reinforces the substantial likelihood that he will succeed on the merits. On this record, Oromo appears likely to prevail on his legal claims. *See Roudachevski v. All-Am. Care Ctrs., Inc.,* 648 F.3d 701, 706 (8th Cir. 2011) ("Success on the merits has been referred to as the most important of the four factors.").

In light of these considerations, and based on the record currently before the court, all *Dataphase* factors weigh in favor of granting the requested temporary restraining order.

## CONCLUSION

Based on the foregoing, it is ORDERED:

1. Oromo's motion for temporary restraining order (Docket 6) is granted. Respondents must not remove, transfer, or otherwise facilitate the removal of Oromo from the Western Division of the District of South Dakota.

2. No other person or agency may remove, transfer, or otherwise facilitate Oromo's removal from the Western Division of the District of South Dakota on respondents' behalf.

3. This Order is effective immediately and shall expire fourteen days after the date of entry unless Oromo shows good cause for its extension. In the event the court determines that an extension of this fourteen-day period of time is necessary, the court will set a briefing schedule by separate order

Dated February 6, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6